**IT IS ORDERED as set forth below:**

**Date: September 9, 2020**

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **IN THE MATTER OF**: | **CASE NUMBERS**: |
| IMAGINE AIR JET SERVICES, LLC, | BANKRUPTCY CASE 18-62042-LRC |
| Debtor. | CHAPTER 7 |
| ROBERT TRAUNER as Chapter 7 Trustee For the Estate of Imagine Air Jet Services, LLC, | |
| Plaintiff, | ADVERSARY PROCEEDING NO: 20-06090-LRC |
| v. | |
| VAN DIEMANS LAND FINANCE PTY. LTD.; RHG AIR HOLDINGS, LLC; and SIMCO HORIZON, LLC, | |
| Defendants. | |

**ORDER GRANTING MOTION FOR**
**<u>DEFAULT JUDGMENT AGAINST SIMCO HORIZON, LLC</u>**

1

Before the Court is a *Motion for Entry of Default Judgment* (Doc. 7) (the "Motion"), filed by Robert Trauner, as Chapter 7 Trustee for the Estate of Imagine Air Jet Services, LLC ("Plaintiff") seeking judgment by default against Simco Horizon, LLC ("Defendant"). The Motion arises in connection with a complaint (Doc. 1) (the "Complaint"), which seeks to determine the extent and validity of purported liens asserted by the various defendants as well as the avoidance of a preferential transfer in favor of one of the defendants. This matter constitutes a core proceeding, over which this Court has subject matter jurisdiction. *See* 28 U.S.C. §§ 157(b)(2)(K); 1334.

I.      Background

On July 20, 2018 (the "Petition Date"), Imagine Air Jet Services, LLC ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code. (Bankr. Case No. 18-62042-LRC, Doc. 1, the "Bankruptcy Case"). On May 22, 2020, Plaintiff initiated this adversary proceeding by filing the Complaint. On May 26, 2020, Plaintiff served a copy of the Summons and Complaint on all defendants by U.S. Postal mail. (Doc. 3). On June 19, 2020, Plaintiff filed two separate Stipulations with defendants Van Diemans Land Finance Pty. Ltd. and RHG Air Holdings, LLC whereby the Trustee agreed to extend the time for those defendants to file their answers to the Complaint to July 24, 2020, and August 21, 2020, respectively. (Doc. 4, 5). However, no such stipulation was filed with respect to Defendant, and Defendant has failed to respond to the Complaint. On July 2, 2020, Plaintiff filed the Motion with an attached supporting *Affidavit of Default*. On July 6, 2020, the Clerk entered default against Defendant. On July 8, 2020, Plaintiff filed a brief in support

2

of the Motion (the "Brief in Support") (Doc. 10). Defendant has failed to respond to the Motion, and, therefore, the Motion is deemed unopposed pursuant to BLR 7007-1(c).

According to the Complaint, Debtor purchased a Cirrus Aircraft N1776M (the "Aircraft") from Defendant through a financing arrangement on March 1, 2017. On November 5, 2018, Defendant filed a proof of claim in the Debtor's Bankruptcy Case (Claim No. 45) in the amount of $175,276.00 asserting a security interest in the Aircraft. However, Defendant never filed a lien on the Aircraft with the Federal Aviation Administration (the "FAA"). Thus, Plaintiff contends that Defendant did not perfect its security interest in the Aircraft and that, as a result, its claim against the Debtor's bankruptcy estate is unsecured. Accordingly, the Complaint seeks declaratory judgment that Defendant has no valid lien on the Aircraft or that any lien or interest of Defendant related to the Aircraft is inferior to the Trustee's interest. Through the Motion, Plaintiff seeks a default judgment to this effect.

II. Default Judgment Standard

Entry of default judgment is governed by Rule 55 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7055 of the Federal Rules of Bankruptcy Procedure. *See* FED. R. CIV. P. 55(b); FED. R. BANKR. P., 7055. To grant default judgment, the Court must determine that Plaintiff's allegations of fact serve as a sufficient basis for entry of a judgment. *See Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *Citibank (South Dakota), N.A. v. Han (In re Chong U. Han)*, 2005 WL 6488968 (Bankr. N.D. Ga. Mar. 25, 2005) (citation omitted)

("Plaintiff must prove a *prima facie* case in order to succeed on a motion for default judgment."). Defendant's default functions as an admission of Plaintiff's "well-pleaded allegations of fact," but not "facts that are not well-pleaded" or "conclusions of law." *Nishimatsu Const. Co.*, 515 F.2d at 1206.

Additionally, Rule 54(b) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7054 of the Federal Rules of Bankruptcy Procedure, provides that:

> [w]hen an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

FED. R. CIV. P. 54(b). "[I]n determining whether a partial final judgment may properly be certified under rule 54(b)," the Court "must follow a two-step analysis." *Lloyd Noland Foundation, Inc. v. Tenet Healthcare Corp.*, 483 F.3d 773, 777 (11th Cir. 2007); Fed. R. Civ. P. 54(b). "First, the [C]ourt must determine that its final judgment is, in fact, both 'final' and a 'judgment.' That is, the court's decision must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action,' and a 'judgment' in the sense that it is a decision upon a cognizable claim for relief." *Id.* (internal and supporting citations omitted). "Second, having found that the decision was a final judgment, the [] court must then determine that there is no 'just reason for delay' in certifying it as final and immediately appealable." *Id.* (supporting citations omitted).

III.  Discussion

4

Plaintiff seeks a declaratory judgment that Defendant's claim against the Debtor's bankruptcy estate is unsecured and that any lien or interest Defendant has related to the Aircraft is inferior to Plaintiff's interest. "'Although state law determines priorities, all interests [in aircraft] must be federally recorded before they can obtain whatever priority to which they are entitled under state law.'" *In re McConnell*, 455 B.R. 824, 827 (Bankr. M.D. Ga. 2011) (quoting *Philko Aviation, Inc. v. Shacket*, 462 U.S. 406, 413 (1983)); s*ee also* O.C.G.A. § 11-9-311(a) (the filing of a financing statement is not necessary or effective to perfect a security interest in property subject to: (1) [a] statute, regulation, or treaty of the United States whose requirements for a security interest's obtaining priority… preempt subsection (a) of Code Section 11-9-310."); 49 U.S.C. § 44108(a) ("[u]ntil a conveyance, lease, or instrument executed for security purposes that may be recorded under [this title] is filed for recording, the conveyance, lease, or instrument is valid only against: (1) the person making the conveyance, lease, or instrument; (2) that person's heirs and devisees; and (3) a person having actual notice of the conveyance, lease, or instrument."). Thus, "until a conveyance of an aircraft is filed for recording with the FAA, the conveyance is valid only against the person making the conveyance and against a person having actual knowledge of the conveyance." *In re McConnell*, 455 B.R. at 827 (citing 49 U.S.C. § 44108(a), (b)). Additionally, 11 U.S.C. § 544(a)(1) confers upon a Chapter 7 trustee, as of the commencement of the case, the rights and powers of a hypothetical judicial lien creditor, without regard to any knowledge of transfers of the Debtor's property.

Here, the Complaint alleges that while Debtor purchased the Aircraft from Defendant through a financing arrangement, Defendant did not file the security agreement

5

granting Defendant a security interest in the Aircraft with the FAA. Accordingly, pursuant to 49 U.S.C. § 44108 and the Georgia Uniform Commercial Code, the security agreement is only enforceable against "the person making the conveyance," "that person's heirs and devisees," and "a person having actual notice of the conveyance." Because 11 U.S.C. § 544(a)(1) grants a Chapter 7 trustee with the same rights and powers of a hypothetical judicial lien creditor, without regard to any knowledge of transfers of the Debtor's property, the Complaint alleges sufficient facts to establish that Plaintiff has a superior interest over Defendant in the Aircraft. Thus, the Court finds that Plaintiff is entitled to a declaratory judgment that any lien or interest Defendant has in the Aircraft is inferior to Plaintiff's interest pursuant to 11 U.S.C. § 544(a)(1).

The Court also finds that the requirements of Rule 54(b) have been satisfied. The Complaint includes only one claim against Defendant seeking declaratory judgment, which is unrelated to the claims asserted against the other defendants. Thus, granting the Motion will fully adjudicate all issues concerning Defendant. Therefore, the Court finds that the default judgment requested against Defendant through the Motion is final and that there is no reason for delay in certifying the judgment as final and immediately appealable. Accordingly, the Court determines that a final partial judgment, pursuant to Rule 54(b), may be entered against Defendant in this case.

## CONCLUSION

For the reasons stated herein,

IT IS HEREBY ORDERED that the *Motion for Entry of Default Judgment* (Doc. 7) (the "Motion"), is **GRANTED**;

IT IS FURTHER ORDERED that any lien or interest Defendant has in the Debtor's Cirrus Aircraft N1776M (the "Aircraft") is hereby determined to be inferior to Plaintiff's interest in the Aircraft;

IT IS FURTHER ORDERED that judgment in favor of Plaintiff shall be entered concurrently herewith.

**END OF DOCUMENT**

**Distribution List**

**William Russell Patterson, Jr.**
Ragsdale Beals Seigler Patterson & Gray
2400 International Tower
229 Peachtree Street NE
Atlanta, GA 30303

**Simco Horizon, LLC**
c/o William R. Simmons, Reg. Agt.
1311 Commerce Drive, SW
Decatur, AL 35603

**Simco Horizon, LLC**
c/o William R. Simmons, Reg. Agt.
122 Robbins Beach Road
Killen, AL 35645

**R. Lee Brown, Jr.**
Moore, Clarke, DuVall & Rodgers, P.C.
PO Drawer 71727
Albany, GA 31708